UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DANIEL DELANO,

                Plaintiff,                **COMPLAINT**

-vs-                               **Index No:**

UNITED STATES OF AMERICA,

                Defendant.

---

## ORIGINAL COMPLAINT

### A.  Parties

1.  Plaintiff, DANIEL DELANO, is an individual that is a citizen of the State of New York.

2.  Defendant UNITED STATES OF AMERICA may be served by delivering a copy of the Summons and of the Complaint to the United States Attorney for the Western District of New York and by sending a copy of the Summons and of the Complaint by registered or certified mail to the Attorney General of the United States at the Department of Justice, 950 Pennsylvania Avenue, N.W., Washington D.C. 20530.

### B.  Jurisdiction

3.  The Court has jurisdiction over this lawsuit under 28 U.S.C. Section 1346(b) because the suit involves a claim against the United States for personal injury and damages caused by the negligent acts of a government employee while acting within the scope of his office and/or employment.

### C. Venue

4. Venue is proper in this district under 28 U.S.C. Section 1402(b) because plaintiff resides in this district; specifically, plaintiff resides at 72 McNaughton Avenue in Cheektowaga, New York 14225.

### D. Condition Precedent

5. Plaintiff timely presented this claim in writing to the United States Postal Service. This suit is filed within six (6) months of the agency's final written notice of its denial of the underlying claim, which notice was dated May 9, 2008.

### E. Facts

6. On Wednesday, October 26, 2005 at approximately 3:30 a.m., plaintiff suffered serious, permanent and disabling personal injury while in the course of his employment with Wayman's Trucking, under contract with the United States Government, United States Postal Service. Plaintiff was injured due to the condition of a loading dock at the Dunkirk Post Office, which loading dock was improperly and negligently maintained, situated, arranged, kept and cared for, such that the plaintiff suffered severe back injury when attempting to traverse the loading dock area.

### F. Federal Tort Claims Act

7. The acts and omissions of the agents, servants and/or employees were negligent and wrongful and caused the injuries to the plaintiff herein. The United States by and through its agents, servants and/or employees who were at all times acting within the course and scope of their employment, was negligent and careless in causing, permitting and allowing the dock areas of the Dunkirk Post Office located at 410 Central Avenue in Dunkirk, New York to be, become and remain in a broken, defective, uneven, trap-like, hazardous and dangerous condition, thereby constituting a nuisance, danger,

menace and hazard; in knowingly allowing, for an unreasonable length of time, this dangerous defective and trap-like condition to exist; in failing to ensure that the area in question was maintained in a safe, proper and suitable condition for the purposes for which plaintiff and his company were present. The United States, and its agents, servants, and/or employees had a duty to exercise ordinary and reasonable care in the operation, maintenance and control of its property. Under the laws of the State of New York, a private person would be liable for negligent conduct on behalf of the landowner. Pursuant to 28 U.S.C. Section 2674, the United States is liable to plaintiff for his damages resulting from the personal injuries described more fully below.

### G.   Damages

8. As a direct and proximate result of the Defendant's negligence, plaintiff has suffered the following injuries and damages:

   a. Physical pain, mental anguish in the past and future;
   b. Loss of earning capacity;
   c. Physical impairment of past and future;
   d. Unrecovered and uninsured medical expenses in the past and future;
   e. Loss of consortium in the past and future;
   f. Loss of household services in the past and future.

Please note that Plaintiff makes no claim for lost wages or insured medical expenses, which were covered or may be covered by Workers' Compensation Insurance. Workers' Compensation may commence its own action to recover its own losses in this matter. Other entities, as yet unknown to the Plaintiff at present, may have rights of subrogation, which will also not be impaired by Plaintiff in this action.

9. For these reasons, Plaintiff asks for judgment against the Defendant as follows:

   a. Actual damages in the amount of One Million Five Hundred Thousand Dollars ($1,500,000.00);
   b. Costs of this suit;

3

  c.  Pre-judgment and post-judgment interests;

  d.  All other relief the Court deems appropriate.

Plaintiff **DANIEL DELANO** respectfully asserts his right to a trial by jury of all issues triable.

DATED:  Buffalo, New York
      August 11, 2008

                Yours respectfully,

                By: _____
                  F. David Rusin, Esq.
                **Law Office of J. MICHAEL HAYES**
                *Attorneys for Plaintiff*
                69 Delaware Avenue, Suite 1111
                Buffalo, New York 14202
                Telephone: (716) 852-1111