UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DANIEL DELANO,

                Plaintiff,

        -vs-                                      08-CV-610C

UNITED STATES OF AMERICA,

                Defendant.

---

APPEARANCES:    J. MICHAEL HAYES, ESQ., Buffalo, New York, Attorney for Plaintiff.

                          WILLIAM J. HOCHUL, UNITED STATES ATTORNEY (MICHAEL S. CERRONE, ASSISTANT UNITED STATES ATTORNEY, of Counsel), Buffalo, New York, Attorneys for Defendant.

## **INTRODUCTION**

Plaintiff Daniel Delano alleges that he was injured on October 25, 2005 in the course of his employment picking up mail at the United States Postal Office in Dunkirk, New York. Pursuant to 28 U.S.C. § 2675(a), plaintiff submitted his claim of injury to the United States Postal Service ("USPS") on July 24, 2006 requesting a sum certain of $750,000. Following the denial of his claim, he commenced this action against the United States of America on August 14, 2008 claiming $1,500,000 in damages (Item 1). Plaintiff now seeks permission to amend the claim amount and *ad damnum* clause to $2,500,000 (Item 21). For the following reasons, plaintiff's motion is denied.

## BACKGROUND and FACTS

At the time of the alleged accident, plaintiff worked for Wayman's Trucking as a truck driver and delivery man (Item 1, ¶ 6). Wayman's Trucking contracted with the USPS to transport mail from the main Buffalo post office to post offices in Dunkirk and Fredonia, New York (Item 29, ¶ 6). According to plaintiff, defendant negligently overfilled an allegedly defective wire container, or "wiretainer," with mail (Item 23, p.2). Plaintiff was injured when he attempted to move the container onto a lift at the Dunkirk post office. *Id.* Defendant contends that plaintiff's negligent decision to use a shoring bar to move the heavy container caused his injuries (Item 29, ¶ 9). Plaintiff "sustained injury and disruption to his thoracic and lumbar spine, the muscles, tissues, ligaments and supportive structures therein, including, but not limited to, lumbar radiculotherapy; lumbar facet syndrome; muscle spasm; lumbosacral radiculitis; lumbrosacral sprain/strain; herniated disc at L4-5 and disc protrusion at L5-S1" (Item 22, ¶11).

An MRI of plaintiff's lumbar spine performed on December 2, 2005 revealed "some degenerative changes at L4-5 and L5-S1 and an obvious left L4-5 fragment, free disc herniation, causing canal and foraminal stenosis" (Item 25, ¶ 4). Based on these observations, plaintiff's physician, Dr. Douglas Moreland, concluded that plaintiff was "temporarily disabled" until surgery could be performed. *Id.,* ¶ 5.

On February 1, 2006, Dr. Moreland performed a microdiscectomy at L4-5 on the plaintiff (Item 22, ¶12). After the surgery, plaintiff attended physical therapy sessions and a work training program. *Id.* On February 16, plaintiff followed up with Dr. Moreland, reporting that "his pain was nearly completely resolved in the left leg but he still had some

2

numbness and tingling feeling in the leg . . . " (Item 25, ¶ 7).  Dr. Moreland reaffirmed his conclusion that plaintiff was "temporarily disabled." *Id.*  Two months after the surgery, plaintiff reported to Dr. Moreland that "he was not really feeling too much pain."  *Id.,* ¶ 8.

Plaintiff returned to work for Wayman's Trucking on May 1, 2006 (Item 22, ¶13).  By May 4, 2006, plaintiff reported that he was "pain free" and had completed his physical therapy program (Item 25, ¶ 10).  Dr. Moreland released plaintiff from his care.  *Id.*  Plaintiff submitted to an Independent Medical Examination ("IME") on June 13, 2006 at the request of his worker's compensation carrier (Item 22, ¶14).  Dr. N. Rehmatullah examined plaintiff and found "an overall mild to moderate partial disability and felt that further improvement was expected."  *Id.*

Plaintiff filed his claim with the USPS on July 24, 2006 seeking $750,000 (Item 29, Exh. D).  The next day, July 25, 2006, plaintiff saw Dr. Moreland.  According to Dr. Moreland's office notes of that visit, plaintiff had returned to work and "did well for nine weeks" (Item 29, Exh. E).  However, while getting out of his truck, plaintiff "stepped out on the last step and all of a sudden felt a grabbing in his back and has had severe back pain since then. . . . He has been off work since 7/6/06."  *Id.*  Dr. Moreland considered plaintiff "temporarily fully disabled for the next six weeks," ordered another MRI, and referred him back to physical therapy.  *Id.*  Dr. Moreland opined that the injury was "an aggravation and/or activation of his original injury" (Item 25, ¶ 11).

On August 24, 2006, plaintiff visited Dr. Moreland again (Item 22, Exh. F).  The doctor stated, "We will keep him out of work for the next two months on temporary total disability, after that he will be permanently partially disabled at 40 percent."  *Id.*  Dr.

3

Moreland last examined plaintiff on October 12, 2006 (Item 25, ¶ 12). Plaintiff was still out of work, completing physical therapy. *Id.* Dr. Moreland advised plaintiff that he could "return to some line of employment on October 31, 2006" and determined that plaintiff did not require further surgery (Item 25, ¶ 13). Plaintiff became employed as a "part time loss prevention specialist with JC Penney Company" (Item 22, ¶ 17).

On March 22, 2007, Plaintiff underwent an IME performed by Dr. Barry Katzman (Item 22, ¶ 18). In his report, Dr. Katzman concluded that plaintiff "has a moderate disability and can not lift more than 20 pounds. It is too early to say if this disability will be permanent or not" (Item 22, Exh. H, p.2).

After the USPS denied his claim, on August 14, 2008, plaintiff instituted this action with the filing of a complaint in the United States District Court, Western District of New York (Item 1). Based on the reports of Dr. Moreland, plaintiff requested damages of $1,500,000. *Id.* Plaintiff now seeks permission to amend that amount to $2,500,000.[1]

## DISCUSSION

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §1346(b), waives the sovereign immunity of the United States when federal employees allegedly commit a tort. *See Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 214 (2008). It "grants district courts exclusive jurisdiction over tort claims against the United States." *Cooper v. United States*, 635 F. Supp. 1169, 1172 (S.D.N.Y. 1986). As a limited waiver of sovereign immunity, the statute must be strictly construed. *See MacDaniel v. U. S. Postal Serv.,* 1999 WL 33921854, at

---

[1] Defendant has filed a motion to dismiss for lack of subject matter jurisdiction or, in the alternative, for summary judgment (Item 33). A schedule for response/reply to this motion is included in the "Conclusion" section of this Decision and Order.

4

*1 (D. Conn. August 20, 1999); see also *Martinez v. United States*, 780 F.2d 525, 530 (5th Cir. 1986) ("[t]he Supreme Court has specifically reminded us that the FTCA is a partial waiver of sovereign immunity and that courts should not take it upon themselves to extend that waiver beyond the intention of Congress."). To bring suit in federal court, a person seeking damages under the FTCA must exhaust all administrative remedies by filing a claim with the relevant administrative agency. *See Furman v. U.S. Postal Serv.*, 349 F. Supp. 2d 553, 557 (E.D.N.Y. 2004); *see also Rambarrat ex rel. Rambarrat v. United States*, 347 F. Supp. 2d 6, 8 (S.D.N.Y. 2004) (district court lacks subject matter jurisdiction unless plaintiff meets all conditions specified by Congress when it waived sovereign immunity). Here, plaintiff complied with this requirement by filing a claim with the USPS on July 24, 2006.

According to Rule 15 (a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts favor such amendments because they enable a decision on the merits to be rendered as accurately as possible. *See Nycomed U.S. Inc.v. Glenmark Generics Ltd.*, 2010 WL 1257803, at *2 (E.D.N.Y. March 26, 2010). The decision to grant leave to amend is within the discretion of the district court. *Id.*

Here, the exercise of the court's discretion in deciding whether or not to grant plaintiff leave to amend his *ad damnum* clause under the FTCA is governed by 28 U.S.C. § 2675(b). This statute specifies:

> Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence *not reasonably discoverable at the time of presenting the claim to the federal agency*, or upon allegation and proof of intervening facts, relating to the amount of the claim.

*Id.* (emphasis added). The relevant information must emerge subsequent to filing the administrative claim. *MacDaniel*, 1999 WL 33921854, at *1.

Plaintiff seeks leave to amend the claim amount and the *ad damnum* clause to $2,500,000 and contends that the damages resulting from the aggravation of plaintiff's original injury were not reasonably discoverable at the time the claim was filed. In a Declaration, plaintiff's counsel stated that "[u]nfortunately, almost immediately after the claim was filed on July 24, 2006, Plaintiff, Daniel Delano, appeared to suffer a set back. According to the office note of Dr. Douglas Moreland dated July 25, 2006, while Mr. Delano was stepping out of his truck reaggravated [sic] the prior injury . . ." (Item 22, ¶ 16). However, the medical records indicate that plaintiff suffered the second injury before he filed his administrative claim with the USPS. It is apparent from the office note of Dr. Moreland that plaintiff reinjured himself prior to July 6, 2006 and had been out of work and in pain since that time, nearly three weeks before filing his claim with the USPS (Item 22, Exh. E).

Newly discovered evidence "means that the new developments must not have been reasonably capable of detection at the time of the initial claim. It is not enough that the extent of the injury was not discovered or contemplated due to the lack of a more thorough examination which could not have been conducted earlier." *Williams ex rel. Williams v. United States*, 608 F. Supp. 269, 273 (S.D. Fla. 1985). "Diagnoses which are merely

6

cumulative and confirmatory of previous diagnoses do not constitute either 'newly discovered evidence' or 'intervening facts,' for the purposes of this statute." *Powers v. United States*, 589 F. Supp. 1084, 1110 (D. Conn. 1984). Indeed, such evidence must be "truly unexpected and unforeseen . . . . " *Mallard v. Menifee*, 2000 WL 557262, at *6 (S.D.N.Y. May 8, 2000).

Thus, plaintiff's assertion that July 25, 2006 was "the first appointment available" (Item 31, ¶ 10) is insufficient to meet the standard required by the statute. Plaintiff's injury, severe enough to prevent him from working, was reasonably capable of detection before the claim was filed. Although the plaintiff awaited the doctor's formal medical findings, plaintiff should have been on notice that an aggravation of his injury could affect the amount of his claim. Plaintiff also argues that he lacks the medical expertise necessary to determine whether the injury was minor or severe. However, this has no bearing on whether plaintiff met the statutory requirement. In fact, the very uncertainty of the severity of plaintiff's injury should have caused plaintiff to reassess the amount in his claim. No additional evidence was presented that was not reasonably discoverable at the time the claim was filed. Therefore, an increase in the claim amount was foreseeable based upon plaintiff's second injury.

Finally, there were no exigencies which required plaintiff to file his claim on July 24, 2006. The statute of limitations for filing an administrative claim is two years. 28 U.S.C. § 2401(b). Thus, plaintiff had until October 25, 2007 to file his administrative claim and had ample time to see Dr. Moreland, undergo updated diagnostic tests, and ascertain his economic damages prior to filing the administrative claim.

## **CONCLUSION**

Because no new evidence or intervening facts appeared after plaintiff filed his administrative claim, plaintiff did not satisfy the statutory requirements necessary for an exception to the FTCA's rule that an action "shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency . . . ." 28 U.S.C. § 2675(b). Accordingly, plaintiff's motion to amend his claim and the *ad damnum* clause of his complaint is denied.

Defendant has filed a motion to dismiss or, in the alternative, for summary judgment (Item 33). Plaintiff shall file a response to the motion on or before September 13, 2010, and defendant shall file a reply, if desired, on or before October 4, 2010. Thereafter, the court will consider the motion submitted.

So ordered.

_____\s\ John T. Curtin\_\_\_\_\_
JOHN T. CURTIN
United States District Judge

Dated: August    24   , 2010
p:\opinions\08-610.aug182010